IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHARLES BROWN                                                                                    PLAINTIFF

v.                              Civil No. 13-2159

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Charles Brown, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for disability insurance benefits ("DIB") and supplemental security income under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background**

There are two sets of applications for DIB and SSI in the record. The first set is dated November 15, 2006. The second is dated August 12, 2008. (Tr. 9.) In both sets of applications, Plaintiff alleged an onset date of June 10, 2005 . (Tr. 283, 288, 291, 294.) A review of the several function and disability reports in the record, some of which are undated, reveals that Plaintiff alleged the following impairments in one or more of them: arthritis, Hepatitis C, left shoulder issues, asthma, vison issues, nervous disorder, social anxiety and COPD.(Tr. 382, 423, 435.) Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was scheduled for November 19, 2009 in front of Administrative Law Judge ('ALJ") Larry D. Sheperd. (Tr. 159-163.) Plaintiff missed his hearing because he was incarcerated in Crawford County Jail. (Tr. 196-97.) However, Plaintiff's

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

attorney, Fred Caddell, was present. (Tr. 105.) A rescheduled hearing was requested. (Tr. )ALJ Sheperd found that incarceration was not a good reason for failing to appear pursuant to 20 CF.R.404.957(b)(2) and dismissed Plaintiff's request for a hearing on December 15, 2009. (Tr. 105.)

Plaintiff appealed the dismissal to the AC on January 29, 2010. (Tr. 190.) On June 23, 2010, the AC noted that incarceration is not a basis for a hearing forfeiture, and the ALJ should have made arrangements for a hearing at the place of confinement or rescheduled the hearing. The AC further noted that internal policy (HALLEX I-2-4-25 D) prohibited dismissal when claimant's representative appeared at the hearing, as had happened in this case. (Tr. 107.) The AC remanded for claimant to receive another hearing opportunity. (Tr. 108.) The AC noted that Plaintiff had filed a subsequent claim on January 28, 2010, found that this claim was now duplicate because of the AC's remand, and ordered that the ALJ "associate the claim files and issue a new decision on the associated claims." (Tr. 108.)

On October 6, 2010, a hearing was held in front of ALJ Sheperd. Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from Vocational Expert ("VE") Dale Thomas. (Tr. 29.)

At the time of this first administrative hearing, Plaintiff was 49 years old, and possessed a GED.(Tr. 34, 35.) Plaintiff had past relevant work experience ("PRW") as a furniture upholsterer. (Tr. 52, 118-19.)

On November 23, 2010, the ALJ concluded that Plaintiff suffered from the following severe impairments: chronic obstructive pulmonary disease ("COPD"), osteoarthritis, and asthma. (Tr. 114.) The ALJ found that Plaintiff maintained the residual functional capacity to perform light work with the following limitations:

> The claimant  20 pounds occasionally and 10 pounds frequently. The claimant can sit for about six  hours during an eight- hour workday and can stand and walk for about six hours during an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch and crawl and can occasionally reach overhead with his left upper extremity. The claimant must avoid concentrated exposure to extreme temperatures, cleaning

chemicals, dust, fumes, gases, odors and poor ventilation and must avoid concentrated exposure to hazards, such as unprotected heights and heavy machinery. The claimant cannot drive.

(Tr. 115-16.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform his PRW as a furniture upholsterer. (Tr. 119.)

On February 5, 2013, the Appeals Council remanded the case back to the ALJ for the second time. The AC found that the ALJ erred in assigning "significant weight" to the opinion of Dr. Rebecca Floyd, because the examination had been performed by Dr. Floyd's nurse practitioner rather than Dr. Floyd. (Tr. 127.) On remand, the ALJ was directed to "give further consideration to the treating and nontreating source opinions," and to "give further consideration to claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitation." (Tr. 128.) The ALJ was further directed to obtain additional evidence from a VE if the expanded record warranted the additional information, and to resolve any conflicts between the evidence provided and the DOT. (Tr. 128.)

On April 2, 2013, a hearing was held in front of ALJ Bill Jones. Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from Vocational Expert ("VE") Sarah Moore, and Plaintiff's wife Rita Faye Brown. (Tr. 58.)

At the time of this second administrative hearing, Plaintiff was 52 years old, and possessed a GED. (Tr. 34, 35.) Plaintiff had past relevant work experience ("PRW") as a metal building assembler. (Tr. 21.)

On April 18, 2013, the ALJ concluded that Plaintiff suffered from the following severe impairments: chronic obstructive pulmonary disease ("COPD"), Hepatitis C, and decreased vision in left eye. (Tr. 12.) The ALJ found that Plaintiff maintained the residual functional capacity to perform light work with the following limitations: "claimant can only occasionally climb, balance, stoop. kneel, crouch, and crawl; the claimant must avoid concentrated exposure to fumes, odors, dusts, gases, and poor

ventilation; the claimant cannot perform work that prevents him from turning his head to the left as needed to accommodate for a full field of vision." (Tr. 14.)

With the assistance of the VE, the ALJ determined that the Plaintiff could perform the requirements of such representative occupations as Assembler, Machine Tender, and Inspector. (Tr. 22.)

Plaintiff appealed to the AC on April 25, 2013. (Tr. 5.) The AC declined review on June 7, 2013. (Tr. 1.)

Plaintiff filed this appeal to federal court on June 24, 2013. (ECF. No. 1) Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 13, 14.)

## II.     Applicable Law

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and

that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion

Plaintiff raises three issues on appeal: 1) The ALJ erred as to the RFC; 2) The ALJ erred in his *Polaski* credibility analysis; and 3) the ALJ failed to fully develop the record. (Pl's Br. at 8-14.) Because this Court agrees that the ALJ failed to develop the record concerning Plaintiff's vision limitations, the other issues will not be addressed.

The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). This duty exists "even if ... the claimant is represented by counsel." *Boyd v. Sullivan*, 960

F.2d 733, 736 (8th Cir.1992) (quoting *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983)). Once the ALJ is made aware of a crucial issue that might change the outcome of a case, the ALJ must conduct further inquiry to fully develop the record. *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004.); *see e.g. Vossen v. Astrue,* 612 F.3d 1011, 1016 (8th Cir. 2010) (ALJ's failure to recontact Commissioner's consultative physician to authenticate his report was reversible error when that report supported Plaintiff's claim).

In this case, Plaintiff alleged vision problems with his application information. (Tr. 393-93, 435.) He testified to vision problems in both hearings. (Tr. 36, 39, 91-92.) Plaintiff's consultative examining physicians noted he was blind in the left eye. (Tr. 615, 786.) ALJ Jones found his decreased vision in the left eye to be a severe impairment. (Tr. 12.)

Plaintiff's vision emerged as a crucial issue in his 2012 hearing. The ALJ's hypothetical to the VE included the limitation of "no work that requires binocular vision." (Tr. 91.) The VE asked to clarify the binocular vision to be consistent with DOT. The VE attempted to list the DOT concerns, listing such issue categories as depth perception, peripheral vision, near acuity, far acuity, accommodation, and color, but was cut off by the ALJ before she could finish. (Tr. 91.)

The ALJ questioned Plaintiff about his eye, cutting his answers off several times in the questioning. Plaintiff testified that he could not see anything other than shadows with his left eye. (Tr. 91.) He also testified that in order to see something on the left he had to "turn his head completely around" and use his right eye. (Tr. 92.) The ALJ then had further discussion with the VE concerning which of those issues were taken into account by DOT. (Tr. 91-93.) After this discussion, the VE gave the jobs of assembler, machine tender, and inspector, stating that these jobs did not need "field of vision" to be performed. (Tr. 93-94.)

Plaintiff's attorney then questioned the VE about the effect of depth perception limitation on those findings. The VE testified that an individual with depth perception issues would not be able to

perform the assembler or machine tender jobs. She stated that she was "shocked" that the inspector job did not require depth perception because it would be "very similar to the assembly [job]." (Tr. 95.) Plaintiff's attorney asked if, in her experience, would she think that some depth perception would be required for the inspector job. The VE testified "Yes, sir, I would." (Tr. 95.)

Thus, the exact category and amount of limitation that Plaintiff experiences as a result of his left eye vision limitation is crucial to the Overall RFC. Based on the testimony of the VE, if he has any loss of depth perception, which is likely given his monocular vision,[2] then all of the jobs provided by the VE are no longer viable options.

Because a crucial issue has been left undeveloped, a remand is necessary. On remand, the ALJ is directed to order a consultative examination with an opthamologist to evaluate Plaintiff's vision issues. As part of this examination, the opthamologist must complete an RFC Assessment. This information must then be included in the ALJ's hypotheticals to a VE. Because the VE testimony at both hearings also indicated some issues with the amount of dust that might be present in a factory job, (Tr. 56, 97.), the ALJ is also directed to clarify with the VE which, if any, factory jobs the Plaintiff might be able to sustain given his COPD environmental limitations.

**IV.   Conclusion**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 11th day of August 2014.

---

[2] *See e.g.* Suzanne P. McKee & Douglas G. Taylor, *The precision of binocular and monocular depth judgments in natural settings*, J. Vis. (Aug, 1 2010; 10(10):5) available at http://www.ncbi.nlm.nih.gov/pmc/articles/PMC2951307/.

AO72A
(Rev. 8/82)

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE